LAND, J.
This is a mandamus proceeding to compel Hon. John E. Fleury, Judge of the Twenty-Eighth Judicial District Court for the Parish of Jefferson, to proceed with the trial, hearing, and decision of the above-entitled cause.
The petition of relator alleges the following facts:
That the defendant in said suit filed certain exceptions, which were set for trial, and came on for hearing on December 2, 1915, before the respondent judge. That on said date relator announced ready for trial, whereupon the defendant, through its counsel, stated to the court that on November 30, 1915, the Governor issued a proclamation in the words, following:
“Whereas, a reign of lawlessness exists in the parish of Jefferson, and it appears that authorities of said parish charged with the enforcement of the laws are in sympathy with the lawless element, and are not performing their proper functions, in the enforcement of the laws, and the maintenance of peace and good order; and
“Whereas, to suppress lawlessness and to restore public order, it has been necessary to call the State National Guard into active service in said parish:
“It is declared that a state of insurrection exists, and martial law is hereby proclaimed throughout said parish.
“Thus done and signed in New Orleans on this 30th day of November, 1915.
“[Signed] Luther E. Hall,
“Governor of Louisiana.”
And counsel further stated that as a result of this proclamation, the power of all civil officers of the parish of Jefferson were suspended, and that the court was without authority to proceed further in said cause.
Relator further represents .that after due hearing, and over its protest, the court ruled as follows:
“The court has listened to the arguments herein and has read the proclamation of the Governor in which he declares that he proclaims martial law throughout this parish. It is elementary that martial law suspends the functions of all civil officers, judges included. The court also takes note of the fact that, following up this proclamation the soldiers of the state have been brought to Jefferson parish under the order of the Governor, and are now camped in the immediate vicinity of the courthouse. Were I to maintain my jurisdiction there would be a clash between the judicial and executive departments of the government. I do no't feel inclined to bring on this clash, as I am an inferior judge, and the head of the executive department has declared martial law. The matter should be settled by the head of the judicial department. I therefore maintain the exception.”
Relator further represents that thereupon it moved for an appeal, which was denied for the same reasons, and that the action of the judge in the premises was arbitrary, and a denial of justice.
The relator assigns eight different reasons why the action of the judge was illegal and contrary to law, the fifth reading as follows:
“That the said proclamation of the said Governor is an usurpation of power on his part, and an attempted exercise by him of the functions of the Legislature, in which is exclusively vested the power to make, repeal, or suspend the operation of the laws.”
The relator specially charges that said proclamation of martial law violates articles 14 and 168 of the Constitution of the state of Louisiana, and deprives the citizens of their inalienable right to be ruled by the civil authorities.
Relator prays for a writ of mandamus, ordering the judge to proceed with the trial of said canse; and for a further decree that the proclamation declaring martial law is null and void and of no effect; and for a further *431 decree that the militia can only be used in the parish of Jefferson in aid of the civil authorities.
The answer of the respondent judge admits the allegations of fact set forth in relator’s petition, and otherwise is a defense of his action in refusing to proceed with the trial of the case in question. The respondent judge cites cases to show that martial law in a political subdivision supersedes the civil authority and suppresses the civil tribunals. The judge’s answer reads in part as follows:
“Whether or not the authority that his excellency asserted to exist in his office by virtue of section 70 of Act 191 of 1912 to declare martial law, legally existed in him or not, your respondent did not undertake to say, because whether martial law existed legally or not in the parish of Jefferson, on the day of said trial, martial law did exist in said parish de facto on the day of said trial, and does exist on the day this return is respectfully submitted to this honorable court.”
Prom a communication from the Governor of this state, addressed to this court, and embodying copies of certain orders and official letters, we find that a proclamation, of date December 1, 1915, issued by the Adjutant General, by order of the Governor, reads in part as follows:
“1. Martial law is hereby declared to exist in the parish of Jefferson.
“2. The machinery of civil government will be allowed to continue as long as it does not interfere with the execution of orders issned by military authorities.”
We also find a copy of a letter of date December 3, 1915, from the Governor to the respondent judge, in which, the Governor, among other things, wrote:
“I trust that you will immediately order a session of the district court for the trial of cases pending untried on the docket, and all other cases that may be presented to the court.”
We also find a letter of the same date from the Governor to the district attorney for the parish of Jefferson, requesting him:
“Pirst. To institute prosecutions against offenders by informations filed by you.
“Second. To petition the judges of the district court for that parish immediately to order a session of the court for the trial of cases pending untried and all others presented by you.”
The communication from the Governor contains the following paragraph:
“That the undersigned did not intend to interfere with the business or sessions of the courts of the parish of Jefferson nor with the judges thereof or the manner in which they should conduct their respective courts or dispatch the business thereof, nor has the undersigned undertaken or attempted to do so, either directly or indirectly, but, on the contrary, the civil government of the parish was expressly and in terms excepted from the operation or effect of the proclamation of the Adjutant General, hereinabove referred to, and it is the wish and desire of the undersigned that the said courts be convened and hold daily sessions, if necessary, to dispose of the business before said courts, and particularly to try the large number of persons now under arrest for various and numerous misdemeanors, offenses and crimes with the commission of which in the said parish of Jefferson they stand charged before the said district court for the parish of Jefferson, one of which is Hon. John E. Pleury, the respondent in these proceedings.”
Even from the viewpoint of the respondent judge, the written request of the Govern- or and ex officio Commander in Chief of the State National Guard, deprived him of further excuse for not opening and holding his court on and after December 3, 1915, as required by the Constitution and laws of this state.
The construction of his own proclamation by the Governor, supported by his actions in the premises, and his disclaimer of an intention to interfere with the operation of the courts in the parish of Jefferson, renders it unnecessary for this tribunal to discuss the question, whether a proclamation of martial law ipso facto closes the courts within the territory therein designated.
This court will not consider mere academic or moot questions, nor will it consider issues not raised in the court below.
It is therefore ordered that a peremptory writ of mandamus issue as prayed for by the relator.